```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                          16 Cr. 506 ALC

LACY DOYLE,

                 Defendant.

------------------------------x
                                         May 10, 2018
                                         2:40 p.m.



Before:

              HON. ANDREW L. CARTER, JR.,

                                         District Judge


                       APPEARANCES


GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
JARED LENOW,
     Assistant United States Attorney


HAFETZ NECHELES, LLP,
     Attorneys for defendant Doyle
BY:  FREDERICK PHILLIP HAFETZ, Esq.
     NOAH SHELANSKI, Esq.
              Of counsel
```

1              (In open court)
2              (Case called)
3              THE COURT:  Please be seated.  Good afternoon.
4         My understanding is Ms. Doyle would like to withdraw
5    her previously-entered plea of not guilty and enter a plea of
6    guilty to Count 3 of the indictment, in full satisfaction of
7    the charges in the indictment.  Is that correct?
8              MR. HAFETZ:  That's correct, your Honor.
9              THE COURT:  With the government?
10             MR. LENOW:  Yes.
11             THE COURT:  Ms. Doyle, I will ask you some questions
12   and require that your answers be under oath, so I'll my
13   wonderful and talented Deputy will administer the oath.
14             (The defendant was duly sworn)
15             THE COURT:  Ms. Doyle, how old are you?
16             THE DEFENDANT:  61.
17             THE COURT:  How far did you go in school?
18             THE DEFENDANT:  I have a masters degree.
19             THE COURT:  Have you ever been treated for any mental
20   health problems?
21             THE DEFENDANT:  No.
22             THE COURT:  Are you under the care of a doctor for any
23   reason currently?
24             THE DEFENDANT:  No.
25             THE COURT:  In the last 24 hours, have you had any

1    medication, pills, drugs or alcoholic beverages?
2              THE DEFENDANT:  No, I have not.
3              THE COURT:  Is your mind clear as you sit here today?
4              THE DEFENDANT:  Yes, it is.
5              THE COURT:  I observe for the record that Ms. Doyle
6    appears alert, she has answered the questions appropriately.
7    It seems to me she is competent to proceed.
8              Let me ask counsel, defense counsel, do you have any
9    doubts about her competence to proceed?
10             MR. HAFETZ:  No, your Honor.
11             THE COURT:  I find that she is competent to proceed,
12   and we will continue.  Ms. Doyle, you have a constitutional
13   right to continue to plead not guilty to Count 3.
14             Do you understand?
15             THE DEFENDANT:  Yes, I do.
16             THE COURT:  If you persist in that right, you have the
17   right to a public, a speedy and public trial by a jury.  Do you
18   understand?
19             THE DEFENDANT:  Yes, I do.
20             THE COURT:  At that trial you would not have to prove
21   that you were innocent.  You would be presumed innocent.  Do
22   you understand?
23             THE DEFENDANT:  Yes.
24             THE COURT:  The burden of proof would be on the
25   government at all times, and the government would be required

1    to prove each and every element of the crime charged beyond a
2    reasonable doubt.  Do you understand?
3               THE DEFENDANT:  Yes.
4               THE COURT:  Let's turn to Count 3.
5               Have you seen a copy of the indictment that has been
6    filed against you in this case?
7               THE DEFENDANT:  Yes, I have.
8               THE COURT:  Have you discussed it with your attorney?
9               THE DEFENDANT:  Yes, I have.
10              THE COURT:  Count 3 charges you with subscribing to a
11   false and fraudulent U.S. individual income tax return.  Do you
12   understand?
13              THE DEFENDANT:  Yes.
14              THE COURT:  Count 3 charges that on or about April
15   9th, 2010, in the Southern District of New York and elsewhere,
16   that you willfully and knowingly made and subscribed a false
17   and fraudulent U.S. individual income tax return, Form 1040,
18   for the 2009 tax year, which return was verified by a written
19   declaration that it was made under the penalties of perjury and
20   was filed with the Internal Revenue Service center.
21              Do you understand?
22              THE DEFENDANT:  Yes.
23              THE COURT:  And which return you did not believe to be
24   true and correct as to every material matter, to wit:
25              You falsely reported that you had no interest in or a

1    signature or other authority over a financial account in a
2    foreign country, when in truth and in fact, you knew you did,
3    in fact, have an interest in or a signature or other authority
4    over a financial account in a foreign country, in violation of
5    Title 26, United States Code, Section 7206 (1).
6              Do you understand?
7              THE DEFENDANT:  Yes, I do.
8              THE COURT:  The government would be required to prove
9    each and every one of those elements to a jury beyond a
10   reasonable doubt.  The government would have to prove for Count
11   3 the following elements:
12             That you made or caused to be made a federal income
13   tax return for the Year 2009, which you verified to be true.
14             Do you understand?
15             THE DEFENDANT:  Yes.
16             THE COURT:  And that the tax return was false as to a
17   material matter.  Do you understand?
18             THE DEFENDANT:  Yes, I do.
19             THE COURT:  And that you signed the return willfully
20   and knowing it was false.  Do you understand?
21             THE DEFENDANT:  Yes.
22             THE COURT:  And that the return contained a written
23   declaration that it was made under the penalty of perjury.  Do
24   you understand?
25             THE DEFENDANT:  Yes.

1       THE COURT:  Counsel for the government, for the
2  defense, have I left out any elements of the offense?
3       MR. LENOW:  Yes, your Honor.  Have you --
4       THE COURT:  Have I left out any elements?
5       MR. LENOW:  Have you listed the elements?  The
6  government believes you have correctly summarized the elements
7  of the offense and there is no element left out.
8       THE COURT:  Counsel for the defense?
9       MR. HAFETZ:  Yes, that's correct, I agree with the
10 government.
11      THE COURT:  Ms. Doyle, the government would have to
12 prove each and every one of those elements to a jury beyond a
13 reasonable doubt.  Do you understand?
14      THE DEFENDANT:  Yes.
15      THE COURT:  In addition, if you plead guilt, you'll be
16 giving up your right to challenge the venue of the prosecution.
17      "Venue" means that the government needs to bring the
18 case in the judicial district where the crime took place.  If
19 you plead guilty, you give up your right to challenge venue.
20      Do you understand?
21      THE DEFENDANT:  Yes.
22      THE COURT:  At trial and at every stage of this
23 criminal litigation, you have the right to be represented by an
24 attorney.  Do you understand?
25      THE DEFENDANT:  Yes.

1           THE COURT:  If you could not afford to hire an
2    attorney, the court would give you an attorney for free.  Do
3    you understand?
4           THE DEFENDANT:  Yes.
5           THE COURT:  Counsel, are you retained on this matter?
6           MR. HAFETZ:  Yes, your Honor.
7           THE COURT:  As I mentioned before, at trial you would
8    be presumed innocent, you would not have to prove that you're
9    innocent.  Do you understand?
10          THE DEFENDANT:  Yes.
11          THE COURT:  I mentioned before the government would
12   have to prove each and every one of those elements that we just
13   discussed beyond a reasonable doubt.  In order to attempt to
14   prove those elements beyond a reasonable doubt, the government
15   would call witnesses.  Do you understand?
16          THE DEFENDANT:  Yes.
17          THE COURT:  Your lawyer could question those
18   witnesses.  Do you understand?
19          THE DEFENDANT:  Yes.
20          THE COURT:  Your lawyer could object to evidence that
21   the government sought to introduce against you.  Do you
22   understand?
23          THE DEFENDANT:  Yes.
24          THE COURT:  You could call witnesses to testify on
25   your own behalf at trial, and your lawyer would have the

1    subpoena power of the United States to make witnesses come to
2    court for you.  Do you understand?
3              THE DEFENDANT:  Yes.
4              THE COURT:  In addition, you'd have the right to
5    testify on your own behalf.  Do you understand?
6              THE DEFENDANT:  Yes.
7              THE COURT:  At the same time, you could not be forced
8    to testify because you have a right or privilege against
9    self-incrimination.  What the right or privilege against
10   self-incrimination means is that you cannot be required to say
11   anything out of your own mouth that makes you appear guilty.
12             Do you understand?
13             THE DEFENDANT:  Yes.
14             THE COURT:  Therefore, even if you are guilty, you are
15   not required to plead guilty.  You can remain silent and force
16   the government to attempt to prove each and every element of
17   the crime charged.  Do you understand?
18             THE DEFENDANT:  Yes.
19             THE COURT:  If the government could not prove each and
20   every element of the crime charged beyond a reasonable doubt,
21   the jury would have a duty to find you not guilty.  Do you
22   understand?
23             THE DEFENDANT:  Yes.
24             THE COURT:  Again even if you are guilty, you are not
25   required to plead guilty.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  If you do plead guilty, I'll have to ask you what you did that makes you guilty of the crime charged in Count 3.  When you answer those questions, you'll be saying things out of your own mouth that make you appear guilty, thereby giving up your right against self-incrimination.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Let's talk about the sentencing process.

If I accept your plea of guilty, you'll meet with the Probation Department, and they'll prepare a probation or presentence report.  That report will have information about you and the crime that you're alleged to have committed.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  That report will also have the Probation Department's sentencing guideline calculation.  Have you and your attorney discussed the sentencing guidelines and how they might apply to your case?

THE DEFENDANT:  Yes, we have.

THE COURT:  The sentencing guidelines are advisory.

What that means is although I am required to determine the guideline range that applies to your case, once I make that determination, I am not required to sentence you within that range.  Do you understand?

1  THE DEFENDANT:  Yes, I do.

2  THE COURT:  I will determine the guideline range and I
3  will determine the sentence which may be within or outside of
4  the guideline range.  Do you understand?

5  THE DEFENDANT:  Yes.

6  THE COURT:  If the guideline range that I determine is
7  different than what you were hoping for, that will not be a
8  ground for you to take your plea back.  Do you understand?

9  THE DEFENDANT:  Yes, I do.

10  THE COURT:  If the sentence that I impose is different
11  than what you were hoping for, that will not be a ground for
12  you to take your plea back.  Do you understand?

13  THE DEFENDANT:  Yes, I do.

14  THE COURT:  I want to make clear, as you sit here
15  today, there is no promise as to what your guideline range will
16  be, nor is there a promise as to what your sentence will be.

17  Do you understand?

18  THE DEFENDANT:  Yes.

19  THE COURT:  Let's talk about your agreement with the
20  government, Court Exhibit 1.  On the last page of this
21  document, is that your signature?

22  THE DEFENDANT:  Yes, it is.

23  THE COURT:  Before signing it, did you read the
24  agreement?

25  THE DEFENDANT:  Yes, I did.

1     THE COURT:  Did you discuss it with your attorney?
2     THE DEFENDANT:  Yes, I did.
3     THE COURT:  Do you understand the agreement?
4     THE DEFENDANT:  Yes, I do.
5     THE COURT:  Counsel for the government and the
6  defense, does this agreement contain the entirety of the
7  agreement between the parties?
8     MR. LENOW:  It does, your Honor.
9     MR. HAFETZ:  Yes, sir.
10    THE COURT:  Ms. Doyle, is that correct, is that your
11 understanding as well that this agreement constitutes the
12 entirety of the agreement between the parties?
13    THE DEFENDANT:  Yes, it is.
14    THE COURT:  Let's talk about the statutory penalties
15 that apply.  For Count 3, the maximum term of imprisonment is
16 three years.  Do you understand?
17    THE DEFENDANT:  Yes.
18    THE COURT:  You will be subject to a maximum term of
19 supervised release of one year.  Do you understand?
20    THE DEFENDANT:  Yes.
21    THE COURT:  Supervised release is like a term of
22 probation you would serve after a term of custody.  You will be
23 subject to visits to a probation officer's office, drug testing
24 and other limitations on your freedom.  Do you understand?
25    THE DEFENDANT:  Yes.

1          THE COURT: If you were to violate a condition of
2     supervised release, you could be sentenced to an additional
3     term of custody and an additional term of supervised release
4     without credit for time previously served in custody or on
5     supervised release. Do you understand?
6          THE DEFENDANT: Yes.
7          THE COURT: You will be subject to the possibility of
8     a fine which will be based on your ability to pay it. The
9     maximum fine is the greatest of $250,000 or twice the gross
10    pecuniary gain derived from the offense or twice the gross
11    pecuniary loss to persons other than you resulting from the
12    offense. Do you understand?
13         THE DEFENDANT: Yes.
14         THE COURT: In addition to the possibility of a fine,
15    there is a mandatory special assessment of $100.00. Do you
16    understand?
17         THE DEFENDANT: Yes.
18         THE COURT: Under your agreement, you have agreed to
19    make restitution for the amount of additional tax due and owing
20    as a result of the filing of amended U.S. individual income tax
21    returns. Do you understand?
22         THE DEFENDANT: Yes, I do.
23         THE COURT: I want to make sure that you understand if
24    you are not a citizen of the United States, your guilty plea
25    and conviction make it very likely you will be deported from

1    the United States.  Do you understand?
2             THE DEFENDANT:  Yes.
3             THE COURT:  Have you discussed that with your
4    attorney?
5             THE DEFENDANT:  Yes.
6             THE COURT:  Counsel, have you discussed that with your
7    client?
8             MR. HAFETZ:  Yes.
9             THE COURT:  You have a statutory right to appeal.  If
10   you cannot afford to hire an attorney to help you prosecute the
11   appeal, the court will give you an attorney for free.
12            Do you understand?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Although you have a statutory right to
15   appeal, under your agreement, you have agreed not to file a
16   direct appeal, nor bring a collateral challenge, nor seek a
17   sentence modification of any sentence within or below the
18   guideline range of 6 to 12 months.  Do you understand?
19            THE DEFENDANT:  Yes, I do.
20            THE COURT:  Do you have any questions for me before we
21   continue?
22            THE DEFENDANT:  No, I don't, your Honor.
23            THE COURT:  Do you have any questions you'd like to
24   ask your attorney in private before we continue?
25            THE DEFENDANT:  No, I don't.

1      THE COURT: Ms. Doyle, are you satisfied with your
2 legal representation up to this point?
3      THE DEFENDANT: Yes.
4      THE COURT: Defense counsel, are you aware of any
5 reason why Ms. Doyle should not plead guilty?
6      MR. HAFETZ: No, your Honor.
7      THE COURT: Are you aware of any legal defense to the
8 charge?
9      MR. HAFETZ: Well, your Honor, we reviewed the case
10 thoroughly with Ms. Doyle, and at this point, your Honor, as
11 she has stated, she is prepared to plead guilty and acknowledge
12 her guilt of the elements of this crime.
13      THE COURT: Ms. Doyle are you willing to give up your
14 rights to a trial and the other rights we have discussed?
15      THE DEFENDANT: Yes, I am.
16      THE COURT: Other than what is contained in Court
17 Exhibit 1, your agreement with the government, has anyone made
18 any promises to induce you to give up those rights?
19      THE DEFENDANT: No.
20      THE COURT: Has anyone made any threats or attempted
21 to force you to give up those rights?
22      THE DEFENDANT: No.
23      THE COURT: How do you plead to Count 3, guilty or not
24 guilty?
25      THE DEFENDANT: I plead guilty.

Case 1:16-cr-00506-ALC   Document 103   Filed 06/01/18   Page 15 of 19      15
I5AJDOYP                        Plea

| | |
|---|---|
| 1 | THE COURT:  What did you do that makes you guilty of |
| 2 | the crime charged in Count 3? |
| 3 | THE DEFENDANT:  In April 2010 in Manhattan, I signed a |
| 4 | Form 1040 U.S. individual income tax return for the 2009 year |
| 5 | under penalty of perjury, reporting that I had no interest in |
| 6 | or a signature or authority over a financial account in a |
| 7 | foreign country.  I knew that this was an untrue statement |
| 8 | because I did, in fact, have an interest in a financial account |
| 9 | in a foreign country.  I knew at the time that this was wrong. |
| 10 | THE COURT:  Is there any further allocution requested |
| 11 | by the government? |
| 12 | MR. LENOW:  No, your Honor. |
| 13 | THE COURT:  Is there any further allocution requested |
| 14 | by the defense? |
| 15 | MR. HAFETZ:  No, your Honor. |
| 16 | THE COURT:  Ms. Doyle, you indicated that you knew |
| 17 | that the information was false when you signed the return. |
| 18 | When you signed the return, did you do so willfully |
| 19 | and knowingly? |
| 20 | THE DEFENDANT:  Yes. |
| 21 | THE COURT:  Counsel for the government, do you wish to |
| 22 | say anything regarding materiality? |
| 23 | MR. LENOW:  Your Honor, we would proffer there is a |
| 24 | tax loss specified in the agreement for that year because there |
| 25 | was income derived from the foreign account; and, therefore, |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

the failure to disclose the foreign account, the false statement about that and disclose income from the foreign account did affect Ms. Doyle's tax liability for that tax year, which was the 2009 tax year, the form filed in 2010, so the government proffers on that basis -- and I believe there is agreement on this, as reflected in the plea agreement -- that the false statement was, in fact, material.

Perhaps the court could inquire whether the defendant and her counsel agree with what I have just stated. I think they will.

THE COURT: Ms. Doyle do you agree with what the government has just stated?

(Off-the-record discussion)

MR. HAFETZ: It was a little hard to hear.

THE DEFENDANT: It was hard to hear.

MR. HAFETZ: The courtroom has --

MR. LENOW: I will be happy to restate it.

THE COURT: Restate it. Maybe go ahead and just stay seated and talk directly to the microphone.

MR. LENOW: The government would proffer -- and this is reflected in the plea agreement itself -- that the foreign account over which Ms. Doyle had control and ownership interest, there was income and interest accruing in that foreign account. Hiding the foreign account and failure to declare that interest and income from it affected Ms. Doyle's

1  tax liability, the amount of the tax liability that is
2  specified in the plea agreement for that one year; and,
3  therefore, it is the government's proffer and position that the
4  misstatement on the tax return was material because it affected
5  a computation of Ms. Doyle's tax liability for that tax year,
6  which is 2009.  That form was filed in 2010.
7           THE COURT:  Okay.  Ms. Doyle do you agree with that
8  statement?
9           THE DEFENDANT:  Yes, I do.
10          MR. HAFETZ:  It is the tax loss as stated in the plea
11 agreement, yes.
12          MR. LENOW:  Yes, your Honor, if I didn't make that
13 clear, I do so now.  The tax loss for that year, 2009 tax year
14 form filed in 2010, the tax loss number is specified in the
15 plea agreement.
16          THE COURT:  Any further allocution requested by the
17 government or the defense?
18          MR. LENOW:  No, your Honor.
19          (Off-the-record discussion)
20          MR. HAFETZ:  No, your Honor.
21          THE COURT:  I find that Ms. Doyle understands the
22 rights that she is waiving by pleading guilty.  I find that
23 there is a factual basis for the plea.  I find that she is
24 knowingly and willingly waiving those rights, and again there
25 is a factual basis for the plea, and I will accept her plea of

1  guilty.  We will schedule sentencing for Thursday, September
2  13th, at 10:00 o'clock am.
3              MR. HAFETZ:  If we could, could we make it at a later
4  date?  I discussed this with the government, subject to your
5  Honor's consent.  We expect it will take, the plea agreement
6  requires filing of amended returns.  We want to get this done
7  prior to the sentencing date.  I am not quite sure that will be
8  enough time.  I have spoken to Mr. Lenow, and he is in
9  agreement with the request the sentencing be put off until late
10 October, the last week in October if possible.
11             THE COURT:  That is fine.  Do we have availability
12 then, Tara?
13             THE CLERK:  Yes, Tuesday, October 30th, at 1:00
14 o'clock.
15             THE COURT:  Does that date work for everyone?
16             MR. LENOW:  Yes, your Honor.
17             MR. HAFETZ:   That is fine.
18             THE COURT:  We'll schedule sentencing for them.
19             I will ask the government provide an offense statement
20 to Probation within three weeks.  I will ask that defense
21 schedule the presentence interview within three weeks.  That
22 doesn't mean the interview has to take place within three
23 weeks, but within three weeks you should have an appointment
24 set up for the interview.  Anything else from the government or
25 the defense?

1          MR. LENOW:  No, your Honor.  Thank you.

2          MR. HAFETZ:  Do we proceed to the Probation Office

3     today or call them and work out a schedule?

4          THE COURT:  I don't think they're going to be ready

5     for you today.  I think you can contact them.  They will

6     probably contact you, but if you haven't heard from them in

7     about a week and a half, you should reach out to them because

8     they're going to have to appoint a probation officer to conduct

9     the investigation and prepare the report.  It hasn't been done

10    as of yet.  I think you will be wasting your time if you walk

11    by today, but you can reach out and contact them.

12         MR. HAFETZ:  We will.  Thank you.

13         THE COURT:  Anything else from anyone?

14         MR. LENOW:  No.

15         THE COURT:  We're adjourned.

16         (Court adjourned)